## SUPREME COURT.

CHARLES KELSEY agt. ROBERT MURRAY, United States Marshal.

An action to recover *wharfage* is an action for a mere *money demand*. And in such an action third persons have no right by which they can ask the court to be made parties for the settlement of a claim of the plaintiff against the defendant, without being asked to be made parties by either the plaintiff or the defendant. Section 122 of the Code is confined to actions for the recovery of real or specific personal property, but not to an action for the recovery of money.

*New York Special Term, January*, 1865.

THIS was a motion made on behalf of Ward & Gove for an order compelling the plaintiff to amend his proceedings by making them parties defendants in this action. The controversy was as to wharfage, over $5,000, which the plaintiff claimed accrued to him because of the occupation of an addition to a pier at the foot of Sedgwick street, which he had erected, adjoining to another pier leased by him to Ward & Gove. A controversy had arisen about this addition, the result of which was that Kelsey had ejected Ward & Gove by legal process therefrom. He then sued the marshal to recover for the wharfage of the addition erected by him. After issue was joined in that suit, this application was made.

S. Sanxay, *for Ward & Gove.*
E. S. Vail, *for defendant, in support of the motion.*
Dennis McMahon, *for plaintiff, in opposition.*

Ingraham, P. J.    Action for wharfage.    The amount due
is admitted.    The only question is, whether the plaintiff
is entitled to recover.    Kelsey was the proprietor of the
pier, as originally built, and leased it to Ward & Gove.
During the lease the plaintiff built adjoining the outer end
of the pier an additional pier which deprived Ward & Gove
of the use of that side of the original pier.    The wharfage
accrued from vessels lying alongside of the new pier.    Ward
& Gove move to have the plaintiff amend his proceedings
so as to make them parties to this action.

1. It is not necessary, for an entire adjudication of the
questions between the plaintiff and defendant, that these
persons should be admitted as parties; all the matters
claimed by them can be set up as a defence to the plain-
tiff's claim, and unless the plaintiff establishes his title to
the wharfage he cannot recover.

2. If neither the plaintiff nor defendant has asked to
have Ward & Gove made parties, they have no right by
which they can ask to be made parties for the settlement
of a claim of the plaintiff against the defendant.

3. I do not think an action to recover wharfage can be
said to be an action for the recovery of real or personal
property.    It is for a mere money demand.    If an action
to recover moneys claimed to be due is to be considered,
an action for the recovery of personal property, then third
parties may in all actions on contract seek to be brought in
as parties to such actions where they have a claim adverse
to the plaintiff.    Such was not the intent of the 122d sec-
of the Code, but it is confined to the recovery of real or
specific personal property, but not to an action for the re-
covery of money. .

4. If it were necessary to pass upon the question wheth-

er Ward & Gove have any right to this wharfage, I should hesitate before expressing my opinion to that effect. A similar question arose in the case of *Marshall* agt. *Givin* (1 *Kernan*, 461, 476), where a proprietor of a wharf claimed a right to the wharfage upon an extension of the original wharf. DENIO, J., says: "If there has been an invasion of the rights of the proprietors in that respect (by destroying the power to collect wharfage at the end of the pier), the law provides an appropriate remedy. That remedy does not consist in vesting in the proprietor of the rights taken away similar rights arising at another place, and which may be of a very different value from those of which they had been deprived;" and again, "The proprietor cannot make title to any part of the extended pier, or to any right of wharfage arising upon it." When Ward & Gove were dispossessed of their possession in the added wharf, they ceased to have any claim to wharfage.

The motion is denied, with $10 costs.